**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV00976 ERW |
| DECORATIVE COATING SOLUTIONS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion for Reconsideration [doc. #24]. On June 21, 2007, the Court held a hearing on Plaintiffs' Motion to Compel. Defendants failed to appear for the hearing. On June 22, 2007, the Court granted Plaintiffs' Motion and ordered Defendants to be present for an in-court hearing on June 27, 2007, in possession of certain documents Plaintiffs requested. Defendants again failed to appear for the June 27 hearing. The Court then ordered Defendants to show cause, no later than July 9, 2007, why default judgment should not be entered against them for failure to comply with the Court's June 22 Order.

Defendant Ronald Unterreiner ("Defendant Unterreiner") filed a response to the Court's show cause Order on July 6, 2007. He claimed that he produced the documents Plaintiffs requested and therefore assumed that a hearing would not be required. He further stated that he was out of town on vacation from June 22 through July 1, 2007, and did not learn of the June 27 hearing until he returned on July 2, 2007. The Court ordered the parties to appear for a third in-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

court hearing on July 25, 2007, to address Plaintiffs' Motion for Default Judgment. Defendants again failed to appear for the hearing.

On June 30, 2007, the Court ordered default judgment against Defendants, in the amount of $34,501.44 for delinquent contributions, liquidated damages, and audit fees found due and owing under the audit performed for the period covering February 15, 2005, through December 31, 2005, and in the amount of $5,257.50 for attorneys' fees and costs in the amount of $394.30.

In the Motion for Reconsideration, Defendant Unterreiner repeats his previous explanations for failing to comply with the Court's orders and requests that the court reconsider its Default Judgment ruling. He argues that the Court's ruling places an unjust and burdensome hardship on the Defendants. He further contends that the amount owed to Plaintiffs is overstated by approximately $20,000 and fails to take into account a payment of $10,000, made on behalf of the Defendants, by Defendants' bonding company. Finally, he argues that Defendant Unterreiner is an individual who should not have been a party to this lawsuit.

The Court agrees with Plaintiffs that the court-ordered hearings were the appropriate forum for Defendants to present their arguments, not on a motion to reconsider. As Plaintiffs point out, Defendants have been given ample opportunities to defend their position and produce the required documents, but failed to do so. The Court therefore concludes that Defendants have not presented the requisite "exceptional circumstances," which would warrant relief under Rule 60(b). *See* Fed. R. Civ. P. Rule 60(b)(6) (the court may relieve a party from a final judgment for "any ... reason justifying relief from the operation of judgment."); *see also Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances"). Therefore, the Court will deny

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants' Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration [doc. #24] is **DENIED**.

Dated this 24th day of August, 2007.

_E. Richard Webber_
———————————————————
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com